IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| DARNELL WILKINS | : CIVIL ACTION |
|---|---|
| v. | : |
| | : NO. 16-5845 |
| JAY LANE, *et al.* | : |

# MEMORANDUM

**KEARNEY, J.**                                                                                       September 29, 2017

Darnell Wilkins objects to United States Magistrate Judge Perkin's Report and Recommendation denying his petition for habeas corpus relief. Judge Perkin's comprehensive analysis addresses each of Mr. Wilkins' grounds for relief. To ensure we address all of his habeas petition's grounds and later objections, we fully reviewed the petition and objections to Judge Perkin's detailed analysis. Upon review, we overrule Mr. Wilkins' objections, adopt Judge Perkin's Report and Recommendation and dismiss the petition for habeas relief finding no basis to issue a certificate of appealability in the accompanying Order.

## I.   Background

On March 17, 2008, Darnell Wilkins pled guilty to seven counts of robbery, one count of aggravated assault, and eight counts of possession of an instrument of crime.[1] The state court accepted Mr. Wilkins's guilty plea and sentenced him to a negotiated aggregate term of fifteen to thirty years imprisonment.[2] Mr. Wilkins did not move to withdraw his guilty plea or file a direct appeal to the Pennsylvania Superior Court.[3]

Mr. Wilkins instead filed a *pro se* petition for collateral review under the Pennsylvania Post-Conviction Relief Act on July 12, 2010 alleging constitutional violations, ineffective assistance of counsel, and an unlawfully induced guilty plea.[4] The court appointed counsel to

represent him, but the attorney filed a February 13, 2012 letter and moving to withdraw because the claims lacked merit.[5] The PCRA court dismissed Mr. Wilkins' petition as frivolous on April 16, 2012.[6]

Mr. Wilkins appealed the denial of his PCRA petition to the Pennsylvania Superior Court on May 15, 2012.[7] Before submitting his brief, Mr. Wilkins filed a *pro se* motion for discovery, which the superior court denied on August 22, 2012.[8] He moved for reconsideration of the discovery ruling, which the superior court denied.[9] Mr. Wilkins filed a *pro se* brief in the superior court claiming the PCRA court abused its discretion in failing to consider his being subject to an improper preliminary hearing and the trial court lacked jurisdiction to accept his guilty plea.[10] Mr. Wilkins argued his mental incompetence prevented him from validly entering a guilty plea and from timely filing a *pro se* direct appeal or PCRA petition.[11] The superior court affirmed the PCRA court's denial of the PCRA petition finding his issues lacked merit, were untimely, and did not meet the exceptions to the one-year statute of limitations.[12]

Mr. Wilkins filed a May 13, 2016 Petition for leave to file a petition for allowance of appeal *nunc pro tunc*.[13] The Pennsylvania Supreme Court declined to review the appeal on July 5, 2016.[14] He then filed a Petition for writ of habeas corpus ad subjiciendum in the Court of Common Pleas of Philadelphia County on July 11, 2016 challenging the calculation of restitution owed to the victims.[15] This petition is pending before the state court.[16]

Mr. Wilkins filed a November 2, 2016 *pro se* Petition for writ of habeas corpus alleging 1) violation of his appellate and PCRA rights; 2) he did not voluntarily, intelligently, or knowingly enter his guilty plea because he suffers from a "mental health problem;" and 3) he could not timely pursue an appeal or collateral review.[17] Mr. Wilkins alleged his "mental health problem" prohibited his timely filing the habeas petition.[18]

2

We referred this case to the Honorable Henry S. Perkin for a Report and Recommendation.[19] Judge Perkin timely issued a July 28, 2017 Report and Recommendation finding Mr. Wilkins's federal habeas corpus petition statutorily time-barred and ineligible for either statutory or equitable tolling.[20] Judge Perkin recommended denial with prejudice of Mr. Wilkins's petition and dismissal without an evidentiary hearing.[21]

**II.   Analysis**

Mr. Wilkins now objects, moving for reconsideration and stay, to Judge Perkin's July 28, 2017 comprehensive Report and Recommendation.[22] Mr. Wilkins argues (1) Judge Perkin incorrectly found Mr. Wilkins did not demonstrate good cause to require the Commonwealth to provide documents and discovery[23] needed to show the trial court lacked jurisdiction at the time of his guilty plea because the Commonwealth did not establish a *prima facie* case against him,[24] (2) "he was denied due process because he never had a competency hearing or investigation into his mental health and effects of the medication (i.e. thorzine) he was taking during his guilty plea"[25], and (3) "his PCRA counsel wrongly advised him that he had one (1) year to file the instant habeas petition from the date his PCRA Petition was appealed to the Pennsylvania Supreme Court and denied."[26]

**A. Mr. Wilkins's federal habeas petition is statutorily time-barred.**

The Antiterrorism and Effective Death Penalty Act of 1996 imposes a one-year statute of limitations to apply for a writ of habeas corpus challenging a state court judgment.[27] The limitation period begins on "the date on which the judgment of sentence became final by the conclusion of direct review or the expiration of time for seeking such review."[28] An exception exists when direct review of a criminal conviction concluded before the April 24, 1996 effective date of the Antiterrorism and Effective Death Penalty Act.[29] Such cases are permitted one year from April 24, 1996 to file a habeas petition.[30] Our court of appeals considers "direct review" to

3

mean "review of the state's highest court."[31] Under Pa.R.A.P. 903, a party has thirty days to file an appeal after the entry of an order.[32]

Mr. Wilkins's judgment of sentence became final on April 17, 2008, thirty days after his March 17, 2008 guilty plea and when his time for filing a notice of appeal with the Pennsylvania Superior Court expired.[33] The one-year time limit for Mr. Wilkins to file a timely federal Petition for writ of habeas corpus began on April 17, 2008 and concluded on April 17, 2009. Mr. Wilkins filed his habeas petition on November 3, 2016, over seven years after the expiration of the limitation period.[34]

### 1. Mr. Wilkins's federal habeas petition is ineligible for statutory tolling.

We adopt and approve Judge Perkin's finding Mr. Wilkins is ineligible for an extended deadline for the limitation period under 28 U.S.C. § 2244(d)(1).[35]

### 2. Mr. Wilkins's federal habeas petition is ineligible for equitable tolling.

Judge Perkin found Mr. Wilkins's untimely petition is not eligible for equitable tolling. We agree. Mr. Wilkins argues he is entitled to equitable tolling because his "mental health problems[,] he was unable to file a timely PCRA petition," as well as a timely habeas petition.[36]

The Supreme Court directs equitable tolling applies to the Antiterrorism and Effective Death Penalty Act statute of limitations.[37] But equitable tolling is limited in its application.[38] "The two general requirements for equitable tolling [are]: (1) that 'the Petitioner has in some extraordinary way been prevented from asserting his or her rights;' and (2) that the petitioner has shown that 'he or she exercised reasonable diligence in investigating and bringing [the] claims.'"[39] Our court of appeals allows three instances for equitable tolling: "if (1) the defendant has actively misled the plaintiff, (2) if the plaintiff has in some extraordinary way been prevented from asserting his rights, or (3) if the plaintiff has timely asserted his rights mistakenly in the wrong forum."[40]

4

### a. Mr. Wilkins's alleged mental incapacity does not entitle him to equitable tolling.

Mr. Wilkins argues "he was denied due process because he never had a competency hearing or investigation into his mental health and effects of the medication (i.e. thorzine) he was taking during his guilty plea."[41] Judge Perkin found Mr. Wilkins's alleged mental incapacity did not hinder his ability to timely file his habeas petition. We agree.

Our court of appeals directs mental incompetency coupled with attorney abandonment may be deemed an "extraordinary circumstance" to justify equitable tolling, but "mental incompetence is not a *per se* reason to toll a statute of limitations."[42] For equitable tolling to be appropriate, "'the alleged mental incompetence must somehow have affected the petitioner's ability to file' a timely action."[43] The burden rests on the petitioner to demonstrate a "particularized description of how [his] condition adversely affected [his] capacity to function generally or in relationship to the pursuit of [his] rights" in order for equitable tolling for mental illness to apply.[44] Mr. Wilkins's "alleged mental incompetence must somehow have affected [his] ability to file a timely habeas petition."[45] "'[M]ental health problems,' an undefined and expansive category" is not a basis for equitable tolling in and of itself.[46] Mr. Wilkins must demonstrate his mental incompetence caused him "an inability to pursue [his] legal rights, provided there is a nexus between [his] mental condition and [his] inability to file a timely petition."[47]

"[A] mental condition that burdens but does not prevent a prisoner from filing a timely petition does not constitute 'extraordinary circumstances' justifying equitable tolling."[48] A mental impairment "even rising to the level of insanity" may not be enough to warrant equitable tolling.[49] Even the combination of a *pro se* plaintiff with a mental incapacity is not enough for equitable tolling.[50] The mental condition must have "made it impossible to file a petition on

5

time."⁵¹

Mr. Wilkins cannot conclusively claim his mental impairment prevented him from timely filing without demonstrating his mental disability hindered him from submitting his habeas petition on time.⁵² In *Champney v. Secretary Pennsylvania Department of Corrections*, our court of appeals defined the factors we must consider in determining if an individual's mental incapacity prevented him from filing on time: "(1) [whether] the petitioner [was] adjudicated incompetent and, if so, when did the adjudication occur in relation to the habeas statutory period; (2) [whether] the petitioner [was] institutionalized for his mental impairment; (3) [whether] the petitioner handled or assisted in other legal matters which required action during the federal limitations period; and (4) [whether] the petitioner supported his allegations of impairment with extrinsic evidence such as evaluations and/or medications."⁵³

Mr. Wilkins has not met the *Champney* factors. As Judge Perkin found, Mr. Wilkins has not adduced evidence of being adjudicated incompetent or institutionalized for his alleged mental impairments. He did not provide documents or medical evidence corroborating his alleged mental impairments. He still does not provide medical records or documents corroborating a specific diagnosis, his alleged thorzine prescription, or if the thorzine compromised his ability to participate in the proceedings or timely file during the appeals process. "[T]he use of psychotropic medications can weigh against equitable tolling, because frequently the treatment of mental illness with drugs will 'restore the patent to at least a reasonable approximation of normal mentation and behavior[ ] and [w]hen ... illness is controlled [an individual] can work and attend to his affairs, including the pursuit of any legal remedies that he may have.'"⁵⁴

Even if Mr. Wilkins provided medical evidence of his mental incompetence and prescriptions, we still could not *per se* find his mental incapacity caused his late filing and

6

equitable tolling would not apply.[55] Relying on the Commonwealth's Response, Judge Perkin found Mr. Wilkins's behavior throughout his appeals process indicates his alleged mental impairment did not hinder him from timely filing his habeas petition. Judge Perkin described Mr. Wilkins "as an active litigant during the entire period for which he seeks tolling. He filed numerous *pro se* petitioners, briefs, and motions at all levels of Pennsylvania's judicial system well before turning to this matter:

1. A *pro se* PCRA petition in March 2012, which invoked *Holland* for the proposition that he was entitled to equitable tolling. Habeas Petition, pg. 20; *Commonwealth v. Darnell Wilkins*, CP-51-0000782-2008, pg. 12-13.

2. A timely *pro se* appeal from the deial of PCRA relief and submitted: a) a motion for discovery; b) an appellate brief; and c) a reply brief. *See* Exhibit B [to Response, Dkt. No. 12].

3. A petition for allocator *nunc pro tunc* in May 2016, still acting *pro se*. *See* Exhibit D [to Response, Dkt. No. 12].

4. In July 2016, a state habeas petition arguing to reduce his restitution payments. *See* Exhibit E [to Response, Dkt. No. 12].

In short, petitioner actively prosecuted cases at all level of the Pennsylvania Courts from July 2010 through July 2016. He nevertheless neglected to file this habeas petition until November of 2016. Such activity in state court shows that petitioner was able to file a habeas petition well before this date, but simply ignored pursuing his federal rights for over seven years. Such activity demonstrates that equitable tolling is not appropriate here."[56]

We accept Judge Perkin's finding Mr. Wilkins failed to demonstrate his mental incapacity prevented him from timely filing his habeas petition.

7

### b. Misinformation from his attorney regarding the filing deadline does not entitle Mr. Wilkins to equitable tolling.

Mr. Wilkins argues his Post-Conviction Relief Act counsel improperly advised him he had one year to file a habeas petition from the date the Pennsylvania Supreme Court denied his Post-Conviction Relief Act Petition.[57]

"There is no constitutional right to an attorney in state post-conviction proceedings."[58] A plaintiff cannot bring a claim for constitutional ineffective assistance of counsel when no such constitutional right exists.[59] "[A] petitioner 'must "bear the risk of attorney error.""'[60] In *Lawrence v. Florida*, the plaintiff filed a federal habeas application over one hundred days after the expiration of the one-year limitations period.[61] The plaintiff argued the "his counsel's mistake in miscalculating the limitations period" caused the untimely filing and equitable tolling should apply.[62] Our Supreme Court rejected this argument holding "[a]ttorney miscalculation is simply not sufficient to warrant equitable tolling, particularly in the post-conviction context where prisoners have no constitutional right to counsel."[63] The Court reasoned the plaintiff's "argument would essentially equitably toll limitations periods for every person whose attorney missed a deadline."[64]

Absent attorney error, a *pro se* petitioner's ignorance of the law does not provide a basis for equitable tolling.[65] As the court in *Lawrence* rejected the petitioner's argument his attorney's miscalculation of the deadline caused his untimely filing, we find Mr. Wilkins is not entitled to equitable tolling because his attorney allegedly misinformed him of the deadline to file his habeas petition.

8

### 3. Mr. Wilkins failed to demonstrate good cause to compel the Commonwealth to provide a copy of his guilty plea and preliminary hearing transcripts and the issue is time barred.

Mr. Wilkins sought default judgment after the Commonwealth failed to provide him with a copy of the guilty plea and preliminary hearing transcripts when responding to this present petition. He objects to Judge Perkin's finding he did not demonstrate good cause to compel the Commonwealth to provide these transcripts.

Under Rule 6 of the Rules Governing § 2254 cases, "[a] judge may, for good cause, authorize a party to conduct discovery under the Federal Rules of Civil Procedure."[66] The district court has discretion to permit discovery in a habeas proceeding.[67] "In order to establish good cause a petitioner must point to specific evidence that might be discovered that would support a constitutional claim."[68] "Bald assertions and conclusory allegations do not provide sufficient ground to warrant requiring the state to respond to discovery."[69] A petitioner's discovery demands must be "specific, not merely speculative or conclusory."[70] In *Taylor v. Carol*, the petitioner requested the court to order respondent to produce the grand jury minutes and *voir dire* testimony transcripts to determine if the requisite twelve or more jurors indicted him.[71] The court found he did not present "any specific evidence or allegations indicating there is a possibility that he was indicted by less than twelve jurors, or that unqualified jurors were on the jury" and determined "it appears that he is on a 'fishing expedition' to comb through files to determine if he has a claim."[72]

Mr. Wilkins argues "the trial court lacked jurisdiction to accept his guilty plea because there was no preliminary hearing or competent evidence presented by the Commonwealth to establish a *prima facie* case existed and there was no 'factual basis' placed on record for the plea,[…] and the fact that this Court did in fact order the Respondent to 'attach copies of the

9

pertinent records' to the Response to the Petition, the preliminary hearing record and the guilty plea record are pertinent records which Respondent failed or refused to attach to the Response to the Petition, and Petitioner showed "good cause" for discovery of same by asserting that the preliminary hearing transcript and guilty plea transcript will show that [Mr. Wilkins] is entitled to release from custody."[73]

Judge Perkin found "this Court did not direct Respondents to provide Petitioner with any documents or discovery"[74] and acknowledge the January 6, 2017 Order requesting all records, including transcripts.[75] But, similar to the petitioner in *Taylor*'s unsupported conclusion the government failed to properly indict him, we find Mr. Wilkins failed to raise "specific evidence or allegations" the trial court did not have jurisdiction to accept his guilty plea and the Commonwealth failed to establish a *prima facie* case existed in support of Mr. Wilkins's guilty plea. Mr. Wilkins conclusively asserts allegations without citing to specific evidence. We overrule his objection and adopt and approve Judge Perkin's finding Mr. Wilkins failed to demonstrate good cause to compel discovery.

We also adopt and approve Judge Perkin's finding Mr. Wilkins's request for discovery is time barred due to his untimely filing.[76]

### III. Conclusion

In the accompanying Order, we approve and adopt Judge Perkin's comprehensive Report and Recommendation and dismiss Mr. Wilkins' petition for habeas corpus relief. We agree with Judge Perkin the petition must be dismissed. We further find no basis for a certificate of appealability.

<sup>1</sup> ECF Doc. No. 7, State Court Dockets; Court of Common Pleas of Philadelphia County, CP-51-CR-0000782-2008, CP-51-CR-0000745-2008, CP-51-0000703-2008.

<sup>2</sup> *Id.*

<sup>3</sup> ECF Doc. No. 15 at 2.

<sup>4</sup> ECF Doc. No. 7, State Court Documents; Court of Common Pleas of Philadelphia County, CP-51-CR-0000745-2008, Comm. v. Wilkins, Darnell, Filed July 12, 2010.

<sup>5</sup> ECF Doc. No. 7, State Court Documents; Court of Common Pleas of Philadelphia County, CP-51-CR-0000745-2008, Comm. v. Wilkins, Darnell, PCRA – Finley Letter, Filed Feb. 13, 2012; Court of Common Pleas of Philadelphia County, CP-51-CR-0000745-2008, Comm. v. Wilkins, Darnell Motion to Withdraw as Counsel (Filed Feb. 13, 2012).

<sup>6</sup> ECF Doc. No. 7, State Court Documents; Court of Common Pleas of Philadelphia County, CP-51-CR-0000745-2008, Comm. v. Wilkins, Darnell, Order Denying PCRA Petition as Frivolous – Attorney Relieved - Finley, April 16 2012.

<sup>7</sup> ECF Doc. No. 7, State Court Documents; Court of Common Pleas of Philadelphia County, CP-51-CR-0000745-2008, Comm. v. Wilkins, Darnell, Statement of Matters Complained on Appeal, Filed May 15, 2012.

<sup>8</sup> ECF Doc. No. 15 at 3.

<sup>9</sup> ECF Doc. No. 7, State Court Docket; Superior Court of Pennsylvania, 1557 EDA 2012.

<sup>10</sup> *Commonwealth v. Darnell Wilkins*, 2013 WL 11276251 (Pa.Super. 2013).

<sup>11</sup> *Id.*

<sup>12</sup> *Id.*

<sup>13</sup> ECF Doc. No. 7, State Court Docket; Supreme Court of Pennsylvania, 68 EM 2016.

<sup>14</sup> *Commonwealth v. Darnell Wilkins*, 2016 Pa. LEXIS 1402 (Pa. July 5, 2016)(table).

<sup>15</sup> ECF Doc. No. 1.

<sup>16</sup> *Id.*

<sup>17</sup> ECF Doc. No. 1 at 5-10.

<sup>18</sup> ECF Doc. No. 1 at 14.

[19] ECF Doc. No. 15.

[20] *Id.* at 5-14.

[21] *Id.* at 15.

[22] ECF Doc. No. 19.

[23] ECF Doc. No. 19 at 2.

[24] *Id.* at 3.

[25] *Id.*

[26] *Id.* at 4.

[27] 28 U.S.C. § 2244 requires:

> (d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of--
>
> > (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> >
> > (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
> >
> > (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> >
> > (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

[28] 28 U.S.C. § 2244(d)(1).

[29] *Burns v. Morton*, 134 F.3d 109, 111 (3d Cir. 1998).

[30] *Id.*

[31] *Kapral v. United States*, 166 F.3d 565, 573 (3d Cir. 1999)(quoting *Gendron v. United States*, 154 F.3d 672, 674 (7th Cir. 1998)).

[32] Pa.R.A.P. 903.

[33] Pa.R.A.P. 903; *See also* ECF Doc. No. 15 at 7.

[34] *See* ECF Doc. No. 1.

[35] ECF Doc. No. 15 at 8.

[36] ECF Doc. No. 1 at 14.

[37] *Holland v. Florida*, 560 U.S. 631, 645 (2010).

[38] *Sistrunk v. Rozum*, 674 F.3d 181, 190 (3d Cir. 2012).

[39] *Merritt v. Blaine*, 326 F.3d 157, 168 (3d Cir. 2003)(citing *Fahy v. Horn*, 240 F.3d 239, 244 (3d Cir. 2001)).

[40] *Fahy*, 240 F.3d at 244 (3d Cir. 2001)(citing *Jones v. Morton*, 195 F.3d 153, 159 (3d Cir. 1999).

[41] ECF Doc. No. 19 at 3.

[42] *Nara v. Frank*, 264 F.3d 310, 319-320 (3d Cir. 2001)(citing *Lake v. Arnold*, 232 F.3d 360, 371 (3d Cir. 2000)).

[43] *Champney v. Secretary Penn. Dept. of Corrections*, 469 Fed.Appx. 113, 177 (3d Cir. 2001)(quoting *Nara*, 264 F.3d at 320)).

[44] *Bolarinwa v. Williams*, 593 F.3d 226, 232 (2d Cir. 2010)(quoting *Boos v. Runyon*, 201 F.3d 178, 185 (2d Cir. 2000).

[45] *Champney*, 469 Fed.Appx. at 177 (3d Cir. 2001)(citing *Nara*, 264 F.3d at 320).

[46] *United States v. Harris*, 268 F.Supp.2d 500, 506 (E.D.Pa. 2003)(quoting *Nara*, 264 F.3d at 320).

[47] *Id.*

[48] *Id.*

[49] *Hedges v. United States*, 404 F.3d 744, 753 (3d Cir. 2005).

[50] *Id.*

13

[51] *Heath v. Commonwealth*, C.A. Nos. 06-4787, 07-1766, 07-3013, 2007 WL 2207776, at * 3 (E.D.Pa. July 27, 2007)(quoting *Laws v. Lamarque*, 351 F.3d 919, 922 (9th Cir. 2003)).

[52] *Ross v. Varano*, 712 F.3d 784, 803 (3d Cir. 2013).

[53] *Champney*, 469 Fed. Appx. at 117 (3d Cir. 2001)(citing *Passmore v. Pennsylvania*, No. 080705, 2008 WL 2518108, at *3 (M.D.Pa. 2008).

[54] *Boyd v. Gills*, 2004 WL 2397296, at *3 (E.D.Pa. Oct. 25, 2004)(citing *Miller v. Runyon*, 77 F.3d 189, 192 (7th Cir. 1996)).

[55] *Boyd*, 2004 WL 2397296, at *3(court found mental incompetence did not prohibit timely filing even after review of petitioner's medical records and psychiatric evaluations); *See also Harris*, 268 F.Supp.2d at 506 (equitable tolling inapplicable even after petitioner corroborated allegations of mental incompetence with expert testimony).

[56] ECF Doc. No. 12 at 6-7; *See also* ECF Doc. No. 15 at 12-13.

[57] ECF Doc. No. 19 at 4.

[58] *Coleman v. Thompson*, 501 U.S. 722, 752 (1991)(citing *Pennsylvania v. Finley*, 481 U.S. 551 (1987); *See also Murray v. Giarratano*, 492 U.S. 1 (1989).

[59] *Coleman*, 501 U.S. at 752 (citing *Wainwright v. Torna*, 455 U.S. 586 (1982)).

[60] *Holland v. Florida*, 560 U.S. 631, 651 (2010) (quoting *Coleman*, 501 U.S. at 752–753).

[61] *Lawrence v. Florida*, 549 U.S. 327, 329 (2007)

[62] *Id.* at 336.

[63] *Id.* at 336-337.

[64] *Id.* at 336.

[65] *United States v. Sosa*, 364 F.3d 507, 512 (4th Cir. 2004)(citing *Cross-Bey v. Gammon*, 322 F.3d 1012, 1015 (8th Cir.2003)); *See also United States v. Riggs*, 314 F.3d 796, 799 (5th Cir. 2002); *Delaney v. Matesanz*, 264 F.3d 7, 15 (1st Cir. 2001) (equitable tolling did not apply when Plaintiff failed to show attorney intentionally deceived him regarding the statute of limitations)).

[66] *United States ex rel. Adonai-Adoni v. Prison Health Services*, 2007 WL 2407281, at *1 (E.D.Pa. Aug. 20, 2007).

[67] *Adonai-Adoni*, 2007 WL 2407281, at *1; *See also Taylor v. Carroll*, 2003 WL 22075693, at *1 (D.Del. Aug. 29, 2003).

[68] *Taylor,* No. 03-07, 2003 WL 22075693, at *1.

[69] *Zettlemoyer v. Fulcomer,* 923 F.2d 284, 301 (3d Cir. 1991)(citing *Mayberry v. Petsock,* 821 F.2d 179, 185 (3d Cir. 1987)).

[70] *Taylor v. Carol,* No. 03-07, 2003 WL 22075693, at *1 (citing *Murphy v. Johnson,* 205 F.3d 809 (5th Cir.2000)).

[71] *Id.* at *2.

[72] *Id.*

[73] ECF Doc. No. 19 at 2-3.

[74] ECF Doc. No. 14.

[75] ECF Doc. No. 5.

[76] ECF Doc. No. 14.